## Daisy Mayo v. The State.

No. 11570.   Delivered May 2, 1928.
Rehearing denied June 23, 1928.

The opinion states the case.

*Loftin & Hall* and *Taylor, Muse* and *Taylor,* for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

CHRISTIAN, JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year and one day.

Using marked money, Ollie King purchased from appellant at her home a pint of whiskey. At the time of the transaction he was accompanied by another party who witnessed the delivery of the whiskey by appellant to King. The marked money was shortly thereafter recovered from the possession of appellant. These facts were established by the state.

Appellant denied that she made the sale and supported her testimony by that of witnesses who claimed to have been present during the time the sale was alleged to have been made. These witnesses testified, as did appellant, that appellant was absent from home at the time King testified he purchased the liquor from her.

The indictment was returned May 21st, 1927. When the case was called for trial on September 26th, 1927, appellant filed a second application for a continuance in which she stated that she had issued process for the witnesses named therein on the 14th day of September, 1927. Court convened on the 5th day of September, 1927. Thus appellant waited approximately four months after the return of the indictment before issuing any process whatever for the witnesses. It is shown in the application that the witnesses were not served. It is not shown when the process was returned. No reason is stated for appellant's delay in issuing process. No diligence is shown. The application was properly overruled.

Three bills of exception complaining of the argument of the county attorney are brought forward. It is shown that the county attorney stated to the jury in argument that he expected to try the witness King and that if appellant's counsel would wait he would see that said witness got a trial during the present term of the court. Appellant objected to the remarks on the ground that they were not supported by the record and were prejudicial to his rights. The court refused to instruct the jury not to consider such remarks. The bill of exception complaining of the matter is qualified by the court to the effect that the argument was invited by appellant's counsel, in that he stated to the jury that King was as guilty as appellant and that it appeared strange that the state had failed to prosecute him but had undertaken to prosecute appellant. The bill as qualified further shows that the witness King had testified that the county attorney had told him that he would be tried. The bill fails to manifest reversible error.

The county attorney further stated in argument that if appellant had not sold the witness King the liquor in question it would not be necessary to try King. Practically the same objections as noted

above were made to these remarks. As qualified the bill of exception shows that the argument was invited, and we fail to find reversible error.

Again the county attorney asked the jury in argument if they were going to turn appellant loose "so that she could sell more of that damnable stuff for our boys to pour down their throats?" Appellant objected to the argument in that it was claimed that it was not supported by the record and was prejudicial. The court refused to instruct the jury to disregard it. The court qualifies appellant's bill by stating that the witness King who purchased the whiskey was a young man. If improper, we are unable to agree with appellant that the argument was harmful. Appellant received a penalty of a year and a day. The verdict was amply supported by the evidence.

Finding no reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes her motion on the ground that we were wrong in not reversing this case because of the argument of the county attorney set out in bill of exceptions No. 4, and there seems complaint that the opinion does not correctly quote the language of said argument. Inspection of the opinion and of the bill of exceptions shows that we used the word "our" in the opinion in one place where the bill of exceptions uses the word "their." It also appears that we used the word "man" in the opinion where in the qualification of the court to the bill of exceptions, he uses the word "fellow." The latter mistake might be deemed favorable to appellant if what the poet says be .taken as true, that "Worth makes the man; the want of it the fellow."

In so far as the complaint may relate to the reference by the county attorney to the article sold as that "damnable stuff," in view of the existence of the Eighteenth Amendment and of the constitutional inhibition against the traffic in such stuff by our own State Constitution, also the language of Holy Writ, and of the Supreme Court of the United States, and of the further fact that this particular whisky was sold to King shortly before he had an automobile wreck which caused his arrest, there might be some excuse for the

descriptive used by the county attorney in his reference. We have carefully considered the motion in its insistance that the hypothetical reference to what might be done to "their boys," made by the county attorney in his argument to the jury, was hurtful but are unable to believe that same resulted in any injury to appellant. The facts seem entirely clear and satisfactory, from the State's standpoint, fully establishing appellant's guilt. Mr. King says he bought the pint of whisky from her in the morning, following which he had an automobile wreck and was arrested for driving a car on the highway while intoxicated; that upon revealing the source from which he obtained his liquor he was given marked money by the officers and sent out to see if he could purchase more whisky. After making the second purchase from appellant, as he testified, the officers went and found in her purse the marked money referred to. The punishment given appellant was a year and a day.

In his original brief appellant cites Holloway v. State,-113 S. W. Rep. 928, and other cases. The case mentioned was reversed for other errors, but the argument was criticised. Same was a case based on a wholly indefensible effort to debauch a helpless young woman, and in such case the argument used might have been hurtful. We are unable to bring ourselves to believe the argument in this case such as should cause reversal.

The motion for rehearing will be overruled.

*Overruled.*